AUSTIN, (CAHART v.) See Case No. 2,288.

AUSTIN, (HALL v.) See Case No. 5,925.

AUSTIN, (HEATH v.) See Case No. 6,305.

---

## Case No. 664.

AUSTIN v. O'REILLY.

[8 N. B. R. 129.]

District Court, S. D. Mississippi. 1873.[1]

BANKRUPTCY—PREFERENCES—RENT.

[In Mississippi a landlord is not entitled to preference for rent in a fund arising from the sale, by the tenant's assignee in bankruptcy, of personal property found on the demised premises; since, under the Mississippi statute a landlord has no lien until he seizes the property, and since the claim does not come within any of the preferences created by the bankruptcy act.]

[In bankruptcy. Petition by J. E. Austin against H. E. O'Reilly, assignee of Steele & Co., to have paid to him, as a preference, a claim alleged to be due for the rent of a plantation leased by Austin to Steele & Co. for the year 1871. Petition refused. On petition of review, the circuit court reversed this decree, in Austin v. O'Reilly, Case No. 665.]

---

[1] [Reversed by circuit court in Austin v. O'Reilly, Case No. 665.]

HILL, District Judge. The question presented for decision, arises upon the petition of said Austin to have paid to him as a preference a claim of one thousand eight hundred dollars, claimed to be due for the rent of a plantation leased by him to the bankrupts, Steele & Co., for the year 1871, and upon which it is alleged there was remaining upon the plantation at the time of the adjudication of bankruptcy, crops, mules and other property, more than sufficient to pay said sum, which have been sold by the assignee, and the proceeds thereof now in his hands. To this application the assignee demurs. It is claimed by the petitioner that he had a lien for this rent, if not a priority by that name; that the assignee stands in the place of a sheriff with an execution to be levied on the personal property on the premises, who, under the statute, is prohibited from removing the property upon the leased premises until he shall have paid to the landlord his claim for rent for one year, if so much remain due, and that the assignee, having sold the property, is required first to satisfy the rent out of the proceeds; and for authority cites the decisions made by the courts in bankruptcy in Pennsylvania, Maryland, Virginia and South Carolina, in which the statutes in relation to rents are very similar to our own.

The argument of petitioner's counsel has been ingenious and able, and has presented the question at least in a different form from that heretofore presented and urged upon the court on behalf of similar claims; but, upon examination of the decisions made by the courts in the states referred to, it will be found that they hold the claim for rent to be a lien created by the statute. Our statute was carefully considered by me in the case of Cleary v. Martz, [Case No. 2,873,] in this court, and again in Burtin v. Carne, [Id. 2,-213,] in the northern district, some years since, and then decided that no lien is created by the statute; that only a summary proceeding is given to the landlord for the collection of his rent; that the seizure of the property creates a lien, and until that is done the title to the property is entirely unaffected by the claim for rent; that the tenant has as complete a right to dispose of it as though no rent was due. Since that time this ruling has been sustained by the supreme court of this state, first in Mary v. Dyche, 42 Miss. 347, and Mason v. O'Brien, Id. 420, and still more recently in the case of Stamps v. Gillman, 43 Miss. 456. This statute, being so construed by the supreme court of the state, is binding on this court, although I might not concur in its correctness, but I see no reason for dissent, or a reversal of my former ruling. It is the duty of this court to take the bankrupt estate just as it stood at the time of filing the petition for adjudication, and protect and enforce all the rights attached to it at that time.

The petitioner at that time had failed to take the necessary steps to secure his lien

on the property for the payment of the rent due; the bankrupt might then have sold it, and the purchaser would have received a good title as against the claim for rent, whether he knew of its existence or not, if otherwise valid. The assignee took the property in the same condition for the benefit of the general creditors, only subject to liens then existing upon it by contract or operation of law, and also subject to the priorities or preference claims provided under the bankrupt act, none of which embrace petitioner's claim for rent. So that this claim was neither a lien upon the property or entitled to be paid in preference to those of other creditors out of the proceeds.

The policy of the bankrupt law is an equal distribution among the creditors, in proportion to the respective amounts due, and this will be maintained in all cases, except when a lien exists, either by contract or by operation of law, upon the property at the date of the commencement of the proceedings in bankruptcy, and the preferences specified. On a careful review of the question submitted, which, though not in form, is in substance the same heretofore considered, I am satisfied that the petitioner's demand must share pro rata with the general creditors, and is not entitled to the preference claimed; and upon general principles of equity it is difficult to perceive any superior claim in favor of the man who furnishes the land over the man who furnishes the food to the tenant and his family, and the means furnished to make the crop upon the land; as in this case either may, if he choose, require security before giving credit, and if he fail to do so cannot justly complain to share equally with other creditors in case of the bankruptcy of the debtor.